IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00129-GPG

MARK WALTER PAULSEN,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director Colorado Department of Corrections,
DAVE BOOTH, Executive Director, CDOC Drug and Alcohol Therapeutic Community,
GARETT GEBHART, BVCF Manager/Acting BVCF HSA,
CHRIS TEIPEL, BVCF TC Counselor,
KERRY BARONI, BVCF/Regional HAS,
ANTHONY A. DeCESARO, Step III CDOC Grievance Officer,
MARSHALL GRIFFITH, Step III CDOC Grievance Officer,
JASON LINGRICH, Warden, BVCF,
DOUG ROBERTS, BVCF Health Services Administrator,
CHRISTINE STURGEON, Nurse Practitioner, and
CINDY NOLD, Admin. Nurse III, In Their Official and Individual Capacities,

    Defendants.

## ORDER TO AMEND

Plaintiff Mark Walter Paulsen is in the custody of the Colorado Department of Corrections (CDOC) and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1349(a), 2283, 2284, and 1367 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed pursuant to 28 U.S.C. § 1915 has been granted.

In the Nature of the Case section of the Amended Complaint, Plaintiff asserts that part of his initial diagnostic process upon entering the CDOC was a blood draw taken on

March 17, 2011, which screened for Hepatitis.  Am. Compl., ECF No. 1, at 5.  Plaintiff further asserts that even though the screening indicated a positive result for Hepatitis C, for the past almost five years he has been denied needed treatment for this serious medical condition.  *Id.*  Specifically, in the Cause of Action section of the Amended Complaint, Plaintiff asserts three claims: (1) Deliberate indifference to his serious medical needs in violation of the Eighth Amendment of the U.S. Constitution; (2) violation of the equal protection/due process clause of the Fourteenth Amendment of the U.S. Constitution; and (3) violation of the First Amendment of the U.S. Constitution in retaliation for exercising his right to file a lawsuit.  The claims Plaintiff raises involve the alleged denial of medical treatment while he has been housed at the Buena Vista Correctional Facility.  Plaintiff seeks injunctive relief and money damages.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Court will direct Plaintiff to file an amended prisoner complaint.

First, supervisors can only be held liable for their own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.; see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore,
when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising

2

>from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

The Court also observes that "defendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.' " *See Dodds*, 614 F.3d at 1200-1201 (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior, *see Iqbal*, 556 U.S. at 676, because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation," *Fogarty*, 523 F.3d at 1162. A public official is liable only for his own misconduct, *Iqbal*, 556 U.S. at 676, and Plaintiff must plead with plausibility that not only an official's subordinates violated the constitution but the named official acted by "virtue of his own conduct and state of mind." *Dodds*, 614 F.3d at 1198 (citing *Iqbal*, 556 U.S. at 677). To establish a claim under § 1983, a plaintiff must show more than "a supervisor's mere knowledge of his

subordinate's conduct."  *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 677).

Nothing Plaintiff asserts against Defendants Rick Raemisch and Jason Lingrich, based on their supervisory role, indicates that they violated the Constitution by virtue of their own conduct and state of mind.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

The claims Plaintiff asserts against Defendants Anthony A. DeCesaro, Marshall Griffith, Jason Lingrich, and Cindy Nold appear to be based only on their denial of his grievances.

Finally, Plaintiff is reminded that he must assert personal participation by a named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the

4

alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff will be directed to file an amended complaint in accordance with the directives outlined above.   Plaintiff is reminded that in order to state a claim in federal court, he must explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Furthermore, the amended prisoner complaint must include all claims that Plaintiff desires to assert against all named Defendants.   Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   Plaintiff must use a Court-approved form to file the amended prisoner complaint.   It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended prisoner complaint that complies with this order the Court will address the claims as stated in the original Complaint pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED at Denver, Colorado, this  2nd   day of    February    , 2016.

BY THE COURT:



5

_____
Gordon P. Gallagher
United States Magistrate Judge