IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00129-PAB-KMT

MARK WALTER PAULSEN,

    Plaintiff,

v.

DAVE BOOTH, Executive Director, CDOC Drug and Alcohol Therapeutic Community,
GARETT GEBHART, BVCF TC Manager/Acting BVCF HSA,
CHRIS TEIPEL, BVCF TC Counselor,
KERRY BARONI, BVCF/Regional HSA,
DOUG ROBERTS, BVCF Health Services Administrator, and
CHRISTINE STURGEON, Nurse Practitioner,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on February 27, 2017 [Docket No. 46]. The magistrate judge recommends that the Court grant defendants'[1] motion to dismiss [Docket No. 30] in part. Specifically, the magistrate judge recommends dismissing plaintiff Mark Walter Paulsen's official capacity claims for monetary damages, his equal protection claim, and his Eighth Amendment claims against Kerry Baroni, Dave Booth, and Christine Sturgeon. Docket No. 46 at 19. Plaintiff requested an extension to file objections to the Recommendation, which the Court granted in part. Docket Nos. 48, 49. Plaintiff filed timely objections on March 20, 2017. Docket No. 50. In light of

---

[1] Defendant Doug Roberts has not been served and did not join the motion. Docket No. 30 at 1 n.1.

plaintiff's *pro se* status, the Court will construe plaintiff's objections liberally, but will not advocate for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. BACKGROUND

The Recommendation contains the relevant background facts, which will not be repeated here. Docket No. 46 at 1-3.

## II. STANDARD OF REVIEW

For dispositive motions, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

## III. ANALYSIS

Plaintiff discusses all of the magistrate judge's recommendations, even her recommendations that certain of his claims not be dismissed, except for her recommendation on plaintiff's official capacity claims for monetary damages. Docket No. 50. The Court will assume that plaintiff does not intend to object to the magistrate judge's recommendations in his favor, but assumes that he objects to the other recommendations.

### A.  Eighth Amendment Deliberate Indifference

#### 1.  Kerry Baroni

The magistrate judge recommends that plaintiff's claims against Ms. Baroni, the prison's health services administrator, be dismissed because her alleged denial of his

grievances, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Docket No. 46 at 9 (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). Plaintiff objects that "Ms. Baroni could have and should have responded to the Set #1 step 1 grievance to ensure Plaintiff received chronic care for his hepatitis symptoms, but she neglected or refused to do so." Docket No. 50 at 2.

As the magistrate judge correctly found, an allegation that a prison official should not have denied a grievance about an alleged violation is not sufficient to establish personal participation in the underlying § 1983 violation. *Gallagher*, 587 F.3d at 1069 ("Because [plaintiff's] only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation."). Plaintiff's objection points to no alleged personal involvement by Ms. Baroni beyond denying his grievance. Accordingly, the Court will dismiss plaintiff's claims against Ms. Baroni.

### 2. Dave Booth

The magistrate judge recommends that plaintiff's claim against Mr. Booth, the executive director of the treatment program, be dismissed because plaintiff fails to allege Mr. Booth was aware "when Plaintiff was diagnosed with Hepatitis C or that his condition was deteriorating due to lack of treatment" and therefore does not allege any facts showing Mr. Booth was aware of an excessive risk to plaintiff's health. Docket No. 46 at 10-11. Plaintiff's objection argues that Mr. Booth was aware of plaintiff's complaint that treatment had not yet started, but failed to act. Docket No. 50 at 2-3.

While plaintiff has sufficiently alleged he had a serious medical condition and Mr. Booth was aware his treatment was delayed, plaintiff does not plead any factual allegations from which it is possible to infer that Mr. Booth was aware that a delay in treatment presented an excessive risk to plaintiff's health. Docket No. 1 at 9 ("Booth knew about the serious medical condition Paulsen had (hepatitis C), that he was not being treated and that it was likely the fault of Defendant Gebhart."). Plaintiff's allegations are that Mr. Booth was aware that plaintiff filed a grievance that his treatment had not been started, but there are no factual allegations in plaintiff's complaint from which one could infer that Mr. Booth knew a delay in starting such treatment would present an excessive risk to plaintiff's health. *Id*. ("Booth advised Paulsen that the time requirement for starting treatment was 'SIX MONTHS'."). *Id*. Allegations that Mr. Booth was aware of plaintiff's condition do not show that Mr. Booth actually drew an inference that a delay in treatment would pose an excessive risk to plaintiff's health, as required to state a claim. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Accordingly, the Court will dismiss plaintiff's claim against Mr. Booth.

### 3. *Christine Sturgeon*

The magistrate judge recommends that plaintiff's claim against Ms. Sturgeon, a nurse practitioner, be dismissed because it is based on her lack of awareness that plaintiff had completed the prerequisites for treatment rather than deliberate indifference. Docket No. 46 at 13-14. Plaintiff objects that Ms. Sturgeon knew from his

lab results that his condition was worsening, but did not perform a biopsy necessary before treatment could begin. Docket No. 50 at 5.

The Court finds that plaintiff's allegations do not show deliberate indifference to his serious medical needs. Where a "medical professional knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he delays or refuses to fulfill that gatekeeper role due to deliberate indifference, it stands to reason that he also may be liable for deliberate indifference from denying access to medical care." *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). Plaintiff alleges his treatment was delayed, but he does not allege that the delay was the result of indifference to his medical needs. Rather, he alleges that Ms. Sturgeon scheduled the biopsy and then cancelled the appointment because she thought he was ineligible for treatment due to not having completed the prerequisite program. Docket No. 1 at 14. These allegations do not show "an act (or omission) of indifference to a serious risk that is voluntary, not accidental," *Farmer*, 511 U.S. at 840, or otherwise show an "infliction[] of punishment" that can lead to liability under the Eighth Amendment. *Id*. at 841. At best, plaintiff has alleged that Ms. Sturgeon's mistaken belief that he was ineligible for treatment led to a delay, not that she delayed his medical treatment out of indifference or otherwise voluntarily allowed him to be harmed. Such allegations are not enough to state an Eighth Amendment claim, and the Court will therefore dismiss plaintiff's claim against Ms. Sturgeon.

### B.  Fourteenth Amendment Equal Protection

The magistrate judge recommends that plaintiff's equal protection claim be dismissed because it "does not contain any factual allegations that would plausibly suggest similarities between the medical needs of Plaintiff and any other inmates who completed the [treatment] Program."  Docket No. 46 at 15.  Plaintiff objects that he does not know other inmates' medical needs because such information is confidential, but that "there are many offenders in [the treatment program] with Hep-'C' almost all if not all less severe than Paulsen's."  Docket No. 50 at 6.  He then names two other inmates and states that one inmate was treated within three months of arriving and the other was "ignored by medical [and] died a slow and painful death."  *Id*.

As the magistrate judge found, plaintiff's allegation that he was treated differently from other inmates in relation to the hepatitis C treatment protocol is not supported by factual allegations that indicate other similarly situated individuals were treated differently.  Plaintiff alleges that the protocol was not followed in his case, but he does not plead any allegations regarding how other similarly situated inmates were treated.  Docket No. 1 at 15-16.  While he objects that he cannot know the medical situations of other inmates, he then contradictorily names two other inmates and discusses their medical situations and treatments.  Docket No. 50 at 6.  To the extent he seeks to use such information to bolster the allegations in his complaint, he cannot do so.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.").  Even if the Court could consider the allegations

plaintiff makes in his objection, they would not help plaintiff establish an equal protection claim. He does not provide sufficient facts from which the Court could infer the individuals are similarly situated to plaintiff, i.e., that they are similar to plaintiff "'in every relevant respect.'" Docket No. 46 at 15 (quoting *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994)).[2] Plaintiff fails to allege facts showing that he was "intentionally treated differently from others similarly situated." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Therefore, the Court will dismiss his equal protection claim.

### C. Unobjected-to Rulings

As for the unobjected-to portions of the Recommendation, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the unobjected-to portions of

---

[2] Plaintiff also objects that three other named inmates attended the law library more than him "without harassment" and that he was denied prison jobs. Docket No. 50 at 5. These statements are unrelated to any of the allegations in his equal protection claim, Docket No. 1 at 15-16, and he provides no information showing that those inmates are similarly situated; for example, he does not claim that they needed medical treatment.

the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

The Court finds one such error with respect to plaintiff's Fourteenth Amendment due process claim.  The magistrate judge recommends that defendants' motion be denied with respect to this claim because "Defendants have not established Plaintiff's lack of liberty interest in obtaining Hepatitis C treatment under the CDOC's protocol."  Docket No. 46 at 17.  By doing so, the magistrate judge put the burden on defendants to show that plaintiff did not have a liberty interest.  However, defendants have invoked qualified immunity to plaintiff's constitutional claims.  Docket No. 30 at 14.  It is therefore plaintiff's burden, not defendants' burden, to show that his liberty interest was "clearly established."  *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted).  "Ordinarily," to carry this burden of showing clearly established law "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."  *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007) (quoting *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)).  Plaintiff points to no authority that defendants' alleged failure to adhere to the administrative regulations concerning the hepatitis C treatment program violated his liberty interests protected under the Fourteenth Amendment.  *See* Docket No. 1 at 15-16; Docket No. 42; Docket No. 50 at 7-8.  Therefore, plaintiff has failed to meet his

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

burden to show that his clearly established constitutional rights were violated. Accordingly, the Court will dismiss plaintiff's Fourteenth Amendment due process claim because of defendants' qualified immunity.

The Court finds no clear error with respect to the magistrate judge's other recommendations and will accept them.  Accordingly, the Court will dismiss plaintiff's claims for monetary damages against defendants in their official capacities and deny defendants' motion with respect to plaintiff's Eighth Amendment claims against Garett Gebhart and Chris Teipel and plaintiff's First Amendment Retaliation claim.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 46] is **ACCEPTED** in part and **REJECTED** in part.  It is further

**ORDERED** that Motion to Dismiss [Docket No. 30] filed by Kerry Baroni, Dave Booth, Garett Gebhart, Chris Teipel, and Christine Sturgeon is **GRANTED** in part and **DENIED** in part as set forth in this order.  Plaintiff's claims for monetary relief against Kerry Baroni, Dave Booth, Garett Gebhart, Chris Teipel, and Christine Sturgeon in their official capacities are dismissed.  Plaintiff's claim two, for violations of equal protection and due process under the Fourteenth Amendment, is dismissed.  Plaintiff's claims against Kerry Baroni, Dave Booth, and Christine Sturgeon are dismissed.

DATED March 29, 2017.

                            BY THE COURT:

                            s/Philip A. Brimmer
                            PHILIP A. BRIMMER
                            United States District Judge