IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00129-PAB-KMT

MARK WALTER PAULSEN,

    Plaintiff,

v.

GARETT GEBHART, BVCF TC Manager/Acting BVCF HSA,
CHRIS TEIPEL, BVCF TC Counselor, and
DOUG ROBERTS, BVCF Health Services Administrator,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on October 23, 2017 [Docket No. 90]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. See 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on October 23, 2017. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the

Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 90] is accepted.

2. Plaintiff's Motion, Requesting a Court Order Allowing Plaintiff, Paulsen to Excersize [sic] His Right to Petition the Government for Redress of Grievances in the CDOC (SCF) Law-Library [Docket No. 63] is denied.

DATED November 21, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).